UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ORTIZ, | No. 2:14-cv-2598 KJN P |
| Petitioner, | |
| v. | ORDER |
| RAFAEL ZUNIGA, | |
| Respondent. | |

I. <u>Introduction</u>

    Petitioner is a federal prisoner, proceeding without counsel.  Both parties consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).  Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his due process rights were violated during the disciplinary process for a Bureau of Prisons ("BOP") incident report alleging that petitioner attempted to introduce narcotics into a federal prison in August of 2013, and that subsequently, prison staff engaged in misconduct in connection with the disciplinary proceedings and petitioner's transfer to a different federal prison.  Respondent filed an answer or, in the alternative, a motion to dismiss petitioner's second claim.  As set forth more fully below, the court grants the motion to dismiss petitioner's second claim, and orders further briefing on petitioner's first claim.

////

II. Background

In 1990, petitioner was convicted in the Southern District of New York of conspiracy to possess and intent to distribute heroin, in violation of 21 U.S.C. §§ 841 and 846. (ECF No. 16-1 at 1.) Petitioner was sentenced to 600 months imprisonment. (ECF No. 16-1 at 2.) Petitioner's current projected release date is August 1, 2033, via good conduct time. (ECF No. 16-2 at 1.)

On February 7, 2014, reporting employee R. Womeldorf, Lt., submitted an incident report alleging that petitioner attempted to introduce narcotics into FCI Allenwood on two different occasions, August 8, 2013, and August 19, 2013, based on three greeting cards addressed to petitioner in which was discovered, after testing, to contain heroin and a scheduled 3 narcotic Suboxone concealed under panels in the cards. (ECF No. 16-4 at 1.)

On February 13, 2014, the Unit Discipline Committee ("UDC") referred the charge to the Discipline Hearing Officer ("DHO") for further hearing. (ECF No. 16-4 at 1.)

On February 14, 2014, petitioner appeared before the DHO, and found to have committed the disciplinary charge. (ECF No. 16-5 at 1.)

III. Second Ground for Relief

In his second ground for relief, petitioner claims that BOP staff at FCI Allenwood engaged in criminal conduct by taking possession of, and packing up petitioner's personal property at Allenwood and then sending it to FCI Herlong where R&D staff discovered a stack of contraband paperwork belonging to SIS staff at Allenwood, which petitioner alleges caused him to be placed in the SHU. (ECF No. 1 at 3.) Petitioner also alleges that BOP staff at both federal prisons allegedly engaged in a cover-up. (Id.) Respondent seeks dismissal of this alleged retaliation claim because it is not a proper habeas claim. (ECF No. 15 at 11.)

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the

---

[1] Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion. See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

Petitioner's allegations in his second ground for relief challenge the conditions of his confinement rather than the fact or duration of his confinement. A habeas corpus proceeding is not an appropriate forum in which to bring a civil rights claim. Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973). The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003). The proper method of challenging conditions of confinement is through a civil rights action rather than a habeas corpus petition. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Thus, respondent's motion to dismiss petitioner's second ground for relief is granted.

IV. First Ground for Relief

Petitioner's first ground for relief is based on the February 7, 2014 incident report and the subsequent disciplinary proceedings. Petitioner argues, in part, that there was insufficient evidence to support the guilty finding because the confidential informant ("CI") or informants were unreliable. The disciplinary report, attached to respondent's response, describes the evidence on which the DHO based the guilty finding. First, the report set forth a summary of petitioner's statement: "I spoke with Lieutenant Womeldorf and the conversations we had, he knows I had nothing to do with this." (ECF No. 16-5 at 1.)

The report states that in addition to the incident report and investigation, the hearing officer considered the following documents: Memoranda from J. Bottorf, dated August 8, 2014; R. White, dated August 19, 2014, and Lt. Womeldorf dated February 14, 2014. (ECF No. 16-5 at 1.) Also, the hearing officer used confidential information, not revealed to petitioner, in support of the guilty finding. The confidential information was documented in a separate report, and was determined to be reliable because: "Several CI's were used in other cases which proved to be reliable in all cases. The CI's statements were confirmed and supported through evidentiary

3

findings and the methodology of the substance being introduced." (ECF No. 16-5 at 1.)

The hearing officer specifically relied on Lt. Womeldorf's statements concerning the three greeting cards and the testing of the illegal substances. The DHO stated that he

> believed the information provided by the staff member involved in this case, as they derived no known benefit by providing false information. The DHO finds the charge to be supported in this case based upon the greater weight of evidence cited in this report. The DHO finds the charge for code 111A to be supported in this case based upon the greater weight of evidence cited in this report as well as the reliability of confidential information received to support the inculpatory evidence relied upon.

(ECF No. 16-5 at 2.) The DHO questioned petitioner, who "denied the charge," and added, "the investigating lieutenant knows I had nothing to do with this." (Id.)

In addition to the minimal standards of procedural due process set forth in Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974), where good time credits are a protected liberty interest, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Rather, the Due Process Clause requires "only that there be some evidence to support the findings made in the disciplinary hearing." Id. A federal habeas court may not "make its own assessment of the credibility of witnesses or reweigh the evidence" but, nonetheless, "there must be some indicia of reliability of the information that forms the basis for" the disciplinary decision. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

A prison disciplinary tribunal's determination derived from a statement of an unidentified inmate informant satisfies due process when the record contains 1) some factual information from which the trier can reasonably conclude that the information was reliable, and 2) a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name. Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir. 1987). Reliability may be established by: (1) the oath of the investigating officer appearing at the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an *in*

*camera* review of the documentation from which credibility may be assessed. See Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir. 1987).  Review of the reliability determination should be deferential.  Id.

Here, the record does not reflect that the investigating officer appeared at the hearing, and there is no indication that any officer gave an oath as to the truth of the report containing confidential information.  There was no corroborating testimony as to the underlying charges.  The report does not reflect that the DHO had firsthand knowledge of the sources of the confidential information.  In addition, although the DHO found the confidential information to be reliable, the stated reasons are not clear.  The DHO states that "Several CI's were used in other cases which proved to be reliable in all cases," but then goes on to state that "the CI's statements were confirmed. . ." suggesting that only one confidential informant was used in this case.

Accordingly, within fourteen days, respondent shall provide the court, under seal, with a copy of the confidential information used to support the guilty finding against petitioner.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss petitioner's second ground for relief (ECF No. 15) is granted;

2. Petitioner's claims concerning the conditions of confinement, alleged in his second ground for relief, are dismissed without prejudice; and

3. Within fourteen days from the date of this order, respondent shall submit, under seal, a copy of the confidential information used by the hearing officer in support of his findings.

Dated:  October 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/orti2598.fb